S. Samuel Di Falco, S.
In this proceeding for the settlement of the executor’s account, construction of article Fourth of the will is required to determine whether a legacy had adeemed. The text of that portion of the will, so far as here material, follows:
‘ ‘ Fourth: I give and bequeath my tangible personal property as follows; the gift in each instance being conditioned upon the legatee’s surviving me:
*150 “ To said Elizabeth Langford, my mink coat. * * *
“ To my friend Alice Walker Huffman, all the rest of my furs.”
The facts giving rise to the problem are not in dispute. It appears that prior to her death but subsequent to the execution of her will, Mrs. Winfield had caused the garment which was concededly the subject of the gift to Mrs. Langford to be converted into a stole, discarding some of its skins in the process. The question has consequently arisen: does this alteration so change the essence, nature and quality of a mink coat as to cause it to lose its character as such and become merely an item in the bulk of the peltry described as “ the rest of my furs ”? The answer is that it does not.
A stole, for the benefit of those readers not familiar with the term in the sense in which it is here used, is described by the editors of the Second Edition of Webster’s New International Dictionary as a “ woman’s garment similar to the ecclesiastical stole, but usually broader and made of fur or cloth.” This requires that the search for the word’s meaning must be extended a trifle but then we come to: “ Eccl. A vestment consisting of a long narrow band, esp. of silk, often enriched with embroidery and jewels, worn around the neck and falling from the shoulders of bishops and priests.”
Having these limitations fixed firmly in mind and having been advised by the parties that the alteration did not require the substitution of new skins for old but only the abandonment of those most badly worn, the court is of the view that no ademption resulted from the execution of the instructions given by the testatrix to her furrier. See section 39 of the Decedent Estate Law. ‘1A conveyance, settlement, deed, or other act of a testator, by which his estate or interest in property, previously devised or bequeathed by him, shall be altered, but not wholly digested, shall not be deemed a revocation of the devise or bequest of such property; but such devise or bequest shall pass to the devisee or legatee, the actual estate or interest of the testator, which would otherwise descend to his heirs, or pass to his next of kin; unless in the instrument by which such alteration is made, the intention is declared, that it shall operate as a revocation of such previous devise or bequest. ” (Underscoring supplied.)
In the light of the statute and by reason constrained to hold that the stole passes to Mrs. Langford, or more properly, to her estate since she herself is now dead though having survived the testatrix, the court finds support for its views in those cases in which was established the principle that a change merely in the *151 form and name of a gift does not work an ademption (Matter of Brann, 219 N. Y. 263; Havens v. Havens, 1 Sandf. Ch. 324; Matter of Henderson, 197 Misc. 468). If the rule were otherwise, then any property which was the subject of a bequest would be affected by its operation if interim the execution of the will and the death of the testator repairs were required to be made to it. The absurdity of such a result is its own contradiction.
Submit decree construing the will in accordance with thq foregoing and settling the account as filed.